United States District Court
Southern District of Texas
**ENTERED**
November 16, 2018
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JAIME PIERO COLE, § | |
| § | |
| Petitioner, § | |
| § | |
| VS. § | CIVIL ACTION NO. H-17-940 |
| § | |
| LORIE DAVIS, § | |
| Director, Texas Department of § | |
| Criminal Justice, Correctional § | |
| Institutions Division, § | |
| § | |
| Respondent. § | |

**ORDER**

Jaime Piero Cole, an inmate on Texas death row, has filed a federal petition for a writ of habeas corpus. (Docket Entry No. 10). Cole moves for discovery to develop claims in his habeas petition. (Docket Entry No. 15). The respondent, Lorie Davis, opposes any discovery. (Docket Entry No. 23). For the reasons discussed below, the court determines that discovery would be premature at this time, and the motion is denied.

**I.     Background**

In 2012, a Texas jury convicted Cole of capital murder for killing his estranged wife and his 15-year-old stepdaughter. After an unsuccessful state direct appeal and habeas corpus application, Cole filed his federal petition for a writ of habeas corpus on February 6, 2018. (Docket Entry No. 10). Cole's federal petition raises 15 grounds for relief. They include that trial counsel provided ineffective representation by not presenting testimony about his Cole's history of trauma (claim one); not securing expert assistance (claim two); and not presenting evidence of exposure to neurotoxins and resultant brain damage (claim three). Other grounds are that trial counsel should

1

have objected to the State's use of peremptory strikes to remove minority prospective jurors (claim five), and his death sentence is unconstitutional because Texas arbitrarily administers capital punishment (claim fourteen). Cole exhausted claims one, two, five, and fourteen in state court, but he raises claim three for the first time in his federal habeas corpus petition.

The parties submitted a joint proposed scheduling order with a deadline for Cole to amend his habeas petition. (Docket Entry Nos. 11, 12). Cole subsequently filed this motion for discovery. (Docket Entry No. 15). The court granted the parties' joint motion to stay the time to amend Cole's petition until the discovery motion was resolved. (Docket Entry No. 19).

Cole asks this court to "grant discovery to enable [him] to prove his allegations, which when proven will entitle him to relief." (Docket Entry No. 15). Cole's discovery motion includes the following requests:

1. Cole asks for discovery from the Harris County District Attorney's Office relating to his prosecution for capital murder. Cole states that he has already sought material through a state public information request, but he has not yet received the material. He asserts that this discovery will support claims one and two.

2. Cole wants to issue a subpoena requiring Texaco and Chevron to turn over evidence relating to the pollution of the area near Cole's home village in Ecuador. Cole argues that the discovery will support his third ground for relief.

3. Cole wants discovery from the D.A.'s Office on any material, including prosecutor's notes, that would provide insight into the State's use of peremptory strikes. Cole argues that this discovery will support claim five.

4. Cole wants the D.A.'s Office to disclose information relating to his, and other, capital cases to demonstrate a pattern of racial discrimination in prosecution. Cole argues that this discovery would support claim 14.

The respondent opposes the discovery Cole requests. (Docket Entry No. 23). The respondent contends that the Anti-Terrorism and Effective Death Penalty ("AEDPA") precludes

2

consideration of factual material developed for the first time in the federal habeas court. The respondent also argues that Cole's second discovery request should be denied because he did not exhaust the underlying claim in state court. Cole has filed a reply. (Docket Entry No. 28).[1]

## II.     The Discovery Standard

Civil litigants generally "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26(b). But "it is clear that there was no intention to extend to habeas corpus, as a matter of right, the broad discovery provisions" available to other civil litigants. *Harris v. Nelson*, 394 U.S. 286, 295 (1969).[2] Rule 6(a) of the Rules Governing Section 2254 Cases provides the standard governing discovery in federal habeas cases. Rule 6(a) requires leave of the court before discovery becomes available. A federal court may authorize discovery only "for good cause" and "may limit the extent of discovery." The Supreme Court has tethered the "good cause" clause of Rule 6(a) to an inmate's burden to show an entitlement to federal habeas relief, *Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997), but the Court has not extensively discussed what showing constitutes good cause.

After reviewing the parties' briefing, the record, and the applicable law, this Court finds that discovery Cole seeks is premature. The reasons include that federal law discourages discovery in the early stages of habeas litigation, precedent limits the factual development of habeas claims to

---

[1]     Cole acknowledges in his reply that the D.A.'s Office has recently turned over material relating to his public information requests. Cole presses the discovery request on the ground that the D.A.'s Office withheld some information under attorney-work-product.

[2]     The Federal Rules of Civil Procedure apply in habeas cases "to the extent that they are not inconsistent with any statutory provisions or [the specific habeas] rules . . . ." Rule 12, Rules Governing Section 2254 Cases in the United States District Courts; *see also* FED. R. CIV. P. 81(a)(4)(A) ("These rules apply to proceedings for habeas corpus . . . to the extent that the practice in those proceedings . . . is not specified in a federal statute, the Rules Governing Section 2254 Cases, or the Rules Governing Section 2255 Cases.").

those already adjudicated in state court, Cole has not yet shown that federal review is available for any unexhausted claims.

## III. The Timing of Discovery

This case is still in the pleading stage of the federal habeas process. Cole has filed a federal habeas petition, and the court has granted him leave to amend. Discovery is tied to the pleadings, particularly in habeas litigation, which does not allow discovery as an investigative tool to identify habeas claims. *See* Brian R. Means, FEDERAL HABEAS MANUAL § 6:10 (2017) ("Federal district courts do not have authority to order prepetition discovery in habeas cases, including capital cases."); Advisory Committee Notes to Rule 6 ("[R]equests for discovery in habeas proceedings normally follow the granting of an evidentiary hearing . . . ."); *see also Lonchar v. Thomas*, 517 U.S. 314, 326 (1996) (discovery is available "once an answer has been ordered"). The Advisory Committee Notes to Rule 6 observe that "there may be instances in which discovery would be appropriate" before an evidentiary hearing, but the purpose of any "pre-hearing discovery [would be to] show an evidentiary hearing to be unnecessary . . . ." *See also Blackledge v. Allison*, 431 U.S. 63, 81 (1997) (including discovery among "a variety of measures in an effort to avoid the need for an evidentiary hearing"); *East v. Scott*, 55 F.3d 996, 1000-01 (5th Cir. 1995) (discovery is a means of deciding whether an evidentiary hearing is *not* necessary).[3]

Cole has not identified authority designating discovery as a tool for preparing (or in this case, amending) a federal habeas petition. Cole asks for discovery "to prove his allegations, which when proven will entitle him to relief." (Docket Entry No. 15 at 1). At the pleadings stage, the federal

---

[3] Cole himself recognizes that "discovery under Habeas Rule 6 is a pre-hearing, discretionary measure that provides additional information to the habeas petitioner" (Docket Entry No. 28 at 4).

habeas rules require a petitioner to state the grounds for relief, not allege all the evidence supporting it.[4]  Extensive discovery early in habeas litigation precludes an accurate evaluation of what an inmate must show to obtain relief, if habeas review is available.  *See Bracy*, 520 U.S. at 904 (recognizing the need to "identify the 'essential elements' of [a] claim" before "addressing whether [a] petitioner is entitled to discovery" under Rule 6); *Calderon v. U.S. Dist. Court for the Northern Dist. of California*, 98 F.3d 1102, 1106 (9th Cir. 1996) ("[A] prisoner must outline factual allegations in a petition before the district court will be able to determine the propriety of discovery . . . ."); *Mayberry v. Petsock*, 821 F.2d 179, 185 (3rd Cir. 1987) ("Unless the petition itself passes scrutiny, there would be no basis to require the state to respond to discovery requests.").  Until Cole files his amended petition, and the respondent answers, the court will not have sufficient information to decide whether an evidentiary hearing is necessary or whether there is good cause for additional factual development of Cole's claims.  The discovery that Cole seeks is premature at this stage.

## IV.  Discovery and Limitations on Habeas Review

The respondent raises two other concerns that support finding it premature to consider the need for additional factual development through the discovery Cole seeks.  First, the respondent contends that as to the claims Cole has exhausted, this federal court cannot consider evidence that

---

[4]  In nonhabeas civil proceedings, a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).  Rule 2 of the federal habeas rules "requires a more detailed statement." *Mayle v. Felix*, 545 U.S. 644, 649 (2005).  A petitioner must "specify all the grounds for relief available" and "state the facts supporting each ground." Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts; *see Felix*, 545 U.S. at 655 ("A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to 'show cause why the writ should not be granted.'").  The federal habeas rules anticipate that a court will engage in a preliminary review of a habeas petition before the State must respond to discovery requests. *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

5

was not before the state courts. Second, the respondent argues that discovery is not available for the claims that Cole has not presented to the state courts.

### A. Discovery Requests One, Three, and Four: The Exhausted Claims

Cole argues that the information he obtains from his first, third, and fourth discovery requests will support the habeas claims he exhausted in state court.[5] Because the state court "adjudicated [those claims] on the merits," AEDPA requires Cole to show that the state decision was "contrary to, or an unreasonable application of, federal law" under 28 U.S.C. § 2254(d)(1). In *Cullen v. Pinholster*, 563 U.S. 170 (2011), the Supreme Court held that a federal court's AEDPA review may look only at the facts developed in state court. *Pinholster* held that "evidence introduced in federal court has no bearing on § 2254(d)(1) review . . . ." 563 U.S. at 185; *see also Williams v. Thaler*, 684 F.3d 597, 603 (5th Cir. 2012).

*Pinholster* explicitly addressed a federal court's *consideration* of new facts, but did not clarify whether AEDPA also confined a federal habeas petitioner's *development* of new facts. Federal precedent has used *Pinholster* to limit the federal habeas court's ability to develop new facts in the federal habeas process. The Fifth Circuit relies on *Pinholster* as an additional limit on federal habeas evidentiary hearings, *see Evans v. Davis*, 875 F.3d 210, 217 n.5 (5th Cir. 2017); *Allen v. Vannoy*, 659 F. App'x 792, 810 (5th Cir. 2016); *Blue v. Thaler*, 665 F.3d 647, 656 (5th Cir. 2011), and on requests for expert or investigative assistance, *see Mamou v. Davis*, ___ F. App'x ___, 2018 WL 3492821, at *4 n.3(5th Cir. 2018); *Devoe v. Davis*, 717 F. App'x 419, 431 (5th Cir. 2018).[6] The

---

[5] Discovery requests one, three, and four support claims one, two, five, and fourteen.

[6] The Supreme Court itself has hinted that *Pinholster*'s limitations permeate the development of claims on federal habeas review. *See Ryan v. Gonzales*, 568 U.S. 57, 75 (2013) (finding that the possible incompetence of a habeas petitioner did not require a stay of federal proceedings because, in part, "[a]ny (continued...)

Fifth Circuit has not addressed whether *Pinholster* limits discovery. The logic behind limiting factual development through evidentiary hearings and funding, however, applies with equal force to discovery requests. *See Soffar v. Stephens*, 2014 WL 12642575, at *2 (S.D. Tex. 2014) ("Presumably, good cause cannot exist for discovery that would result in evidence a court cannot consider.").

*Pinhoslter* did not bar all new federal habeas factual development. An evidentiary hearing may be available "where § 2254(d)(1) does not bar federal habeas relief," either because the claims "were not adjudicated on the merits in state court," *Pinholster*, 563 U.S. at 185, or "the state habeas court unreasonably applied federal law[.]" *Evans*, 875 F.3d at 217 n.5; *see also Allen*, 659 F. App'x at 810; *Smith v. Cain*, 708 F.3d 628, 635 (5th Cir. 2013). But, the Fifth Circuit's interpretation of *Pinholster* suggests that the better practice is first to decide whether an inmate has exhausted a claim in state court and whether he has met the requirements of § 2254(d)(1) before applying traditional standards to decide whether discovery is appropriate.[7]

With that understanding, *Pinholster* does not completely foreclose the discovery Cole seeks relevant to his exhausted claims. If Cole can meet § 2254(d)'s requirements, factual development may be appropriate. *See Smith v. Cain*, 708 F.3d 628, 634-35 (5th Cir. 2013) (allowing factual

---

[6] (...continued)
extrarecord evidence" that his assistance may allow counsel to develop "would . . . be inadmissible" under *Pinholster*).

[7] Various other courts have come to the same conclusion. Cole points to some cases in which district courts have allowed discovery, *Pinholster* notwithstanding. But, as one district court observed,"winds have blown mostly in one direction," that is, towards finding that "judicial economy demands that *Pinholster* be considered in determining whether good cause exists for conducting discovery." *Davis v. Bobby*, 2017 WL 2544083, at *3 (S.D. Ohio 2017) (listing cases). *Pinholster* "begs the question, 'How can good cause exist to conduct discovery that, as a matter of law, cannot be used? Put simply, unusable evidence cannot lead to relief.'" *Id.*

7

development through an evidentiary hearing when an inmate had met the § 2254(d)(1) standard). At this preliminary step of habeas corpus review, however, it is premature to decide whether Cole has shown that any state court decision was contrary to, or an unreasonable application of, federal law.

### B. Discovery Request Two: Unexhausted Claims

Cole argues that his second discovery request will provide information supporting his argument that trial counsel provided ineffective assistance on his exposure to neurotoxins (claim three). He did not exhaust this claim in state court. Federal habeas relief is available only if an inmate has "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). Cole's failure to exhaust his third claim results in a federal procedural bar. *See Keeney v. Tamayo-Reyes*, 504 U.S. 1, 9-10 (1992) (an unexhausted claim is procedurally defaulted for federal habeas purposes if the claim would now be procedurally barred by state court); *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991) (same).

A petitioner cannot show good cause for discovery on a claim in a federal court if procedural impediments preclude considering the merits of that claim. *See Rucker v. Norris*, 563 F.3d 766, 771 (8th Cir. 2009); *Williams v. Bagley*, 380 F.3d 932, 975 (6th Cir. 2004); *Campbell v. Dretke*, 117 F. App'x 946, 959 (5th Cir. 2004); *Royal v. Taylor*, 188 F.3d 239, 249 (4th Cir. 1999); *Calderon*, 144 F.3d at 621; *In re Pruett*, 133 F.3d 275, 277 n.1 (4th Cir. 1997); *see also Thompson v. Stephens*, 2014 WL 2765666, at *2 (S.D. Tex. 2014) ("As a threshold matter, however, a court must also take into account the procedural posture of an inmate's claims. A petitioner cannot show good cause if a federal court cannot reach the merits of the disputed claims."). A petitioner cannot "demonstrate that he is entitled to relief" when procedural impediments prevent full federal review. *Bracy*, 520

U.S. at 908-09.

A federal procedural bar can be overcome. This court could reach the merits of claim three if Cole can show cause for the default and that actual prejudice has resulted. *See Coleman*, 501 U.S. at 750. But it is premature at this stage to find that federal review is available on claim three. The parties must brief the procedural concerns and substantive importance of claim three before Cole has shown that he can overcome the procedural bar. Cole's second discovery request is also premature.

**V.     Conclusion**

For the reasons discussed above, the court **denies** Coles's discovery request **without prejudice**. Cole may reurge his discovery motion, if necessary, after Respondent has filed an answer in this case.

Under the parties' agreed scheduling order (Docket Entry No. 19), Cole will amend his petition within 84 days after this order is entered, or by February 6, 2019. The respondent will file an answer within 90 days after the amended petition is filed, or by May 7, 2019. Cole may file any reply 60 days after that, or by July 6, 2019.

SIGNED on November 16, 2018, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge