**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| JAIME PIERO COLE, | § | |
| | § | |
| Petitioner | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:17-cv-940 |
| | § | |
| LORIE DAVIS, | § | **THIS IS A CAPITAL CASE** |
| Director, Texas Department of | § | |
| Criminal Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

---

**PETITIONER'S MOTION FOR STAY AND ABEYANCE OF HABEAS CORPUS
PROCEEDINGS PENDING EXHAUSTION OF STATE REMEDIES**

Petitioner, Jaime Piero Cole, pursuant to the procedure approved in *Rhines v. Weber*, 544

U.S. 269 (2005), requests that the Court stay and hold in abeyance his federal habeas proceedings

to permit him, through undersigned counsel, to present his unexhausted claims to the state courts.

**INTRODUCTION**

In his Amended Petition for Habeas Corpus Relief (ECF Doc. 30), Petitioner sets forth

several meritorious claims that could and should have been raised in state post-conviction

proceedings.  Those claims, which are listed below, remain unexhausted:

- **Claim III**:  Trial counsel were ineffective for failing to adequately investigate, develop, and present evidence of exposure to neurotoxins and brain damage.

- **Claim IV**: Trial counsel were ineffective for failing to develop and present reliable evidence that Petitioner would not be a future danger to society

- **Claim VI**:  Trial counsel were ineffective for failing to object to the court's statement to the venire members that if Mr. Cole was sentenced to death, his case would automatically be reviewed.

At this stage of litigation – where Petitioner has filed this motion immediately following the filing of his amended petition for habeas corpus relief – a stay under *Rhines* is proper to allow Petitioner to exhaust these claims in state court.   *Rhines* instructs that if there is some equitable reason for a petitioner's failure to exhaust a non-frivolous claim and there is some conceivable way of exhausting the claim in state court, federal courts should respect the power of state courts to pass on the merits of that claim first by staying federal proceedings.  544 U.S. at 277-78.

*Rhines* stays are routine practice in federal courts in Texas.  After *Martinez v. Ryan*, 566 U.S. 1 (2012),[1] *Rhines* stays have taken on special importance.  The Fifth Circuit has stated that such stays are a proper way for district courts to handle post-*Martinez* petitions raising claims that are unexhausted due to state habeas counsel's performance.  *See, e.g.*, *Trevino v. Stephens*, 740 F.3d 378, 378 (5th Cir. 2014) ("If the Petitioner requests it, the district court may in its discretion stay the federal proceeding and permit the Petitioner to present his [unexhausted trial counsel ineffectiveness] claim in state court.").

## ARGUMENT

### I.    A STAY OF THESE FEDERAL HABEAS PROCEEDINGS IS WARRANTED TO ALLOW PETITIONER TO EXHAUST HIS CLAIMS IN STATE COURT.

A *Rhines* stay is appropriate where (1) there is good cause for the failure to exhaust the claims; (2) the claims are not plainly meritless; and (3) there is no indication that the failure to exhaust was for purposes of delay.  *Rhines*, 544 U.S. at 277.  Petitioner satisfies all three prerequisites for a stay.

---

[1] In *Martinez*, the Supreme Court held that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial."  566 U.S. at 9.

First, the denial of competent state habeas counsel provides good cause for Petitioner's failure to exhaust the claims.  Second, Petitioner's presentation of his unexhausted claims to the state court will not be plainly meritless because, in the wake of *Trevino v. Thaler*, 569 U.S. 413, 429 (2013), which held *Martinez* applies in Texas, the Texas Court of Criminal Appeals (CCA) has indicated a willingness to entertain such claims if the failure to raise those claims in the initial state habeas petition was due to the ineffectiveness of initial state post-conviction counsel.  Third, Petitioner's failure to exhaust was not for purposes of delay.  He has filed the instant motion immediately following the filing of an Amended Habeas Petition in this Court.  Finally, a *Rhines* stay would serve a broader federalism purpose by permitting the state courts to have the first opportunity to rule on his claims.

Granting a *Rhines* stay here would be consistent with the practice of federal district courts in Texas.  *See, e.g.*, *Alvarez v. Thaler*, No. 4:09-cv-03040 (S.D. Tex. June 6, 2013); *Brewer v. Davis*, No. 2:15-cv-50, 2018 WL 4585357 (N.D. Tex. Sept. 25, 2018); *Wardrip v. Stephens*, No. 3:12-cv-00247, 2013 U.S. Dist. LEXIS 55471 (N.D. Tex. Apr. 22, 2014); *Sparks v. Stephens*, No. 3:12-cv-00469, 2014 WL 113583 (N.D. Tex. Jan 13, 2014);.  And the state of Texas itself has endorsed the granting of *Rhines* stays.  *See Trevino*, 569 U.S. at 429 ("Texas submits that its courts should be permitted, in the first instance, to decide the merits of Trevino's ineffective-assistance-of-trial-counsel claim.").  This Court should likewise grant a stay in Mr. Cole's case, and allow Mr. Cole, through counsel, to exhaust his unexhausted claims in state court.  *See Harbison v. Bell*, 556 U.S. 180, 190 n.7 (2009) (noting that "a district court may determine on a case-by-case basis that it is appropriate for federal counsel to exhaust a claim in the course of her federal habeas representation").

### A.    Petitioner Has Good Cause for Failing to Exhaust.

This Court determines whether "there was good cause for the petitioner's failure to exhaust his claims first in state court." *Rhines*, 544 U.S. at 277; *see Neville v. Dretke*, 423 F.3d 477, 479 (5th Cir. 2005).  The Fifth Circuit has instructed that courts conduct the inquiry in an "equitable sense." *Ruiz v. Quarterman*, 504 F.3d 523, 529 n. 17 (5th Cir. 2007); *see, e.g.*, *Lopez v. Stephens*, No. B-15-144, 2016 WL 4126014, at *3 (S.D. Tex. Apr. 25, 2016).

The standard for "good cause" under *Rhines* is a lower standard than what is required to show cause to excuse procedural default. *Id.*  Showing good cause under *Rhines* merely requires a "reasonable excuse, supported by evidence to justify a petitioner's failure to exhaust . . . ." *Blake v. Baker*, 745 F.3d 977, 982 (9th Cir. 2014) (citing *Pace v. DiGiugliemo*, 544 U.S. 408, 416 (2005)); *see also Lopez*, 2016 WL 4126014, at *4 ("Petitioners show good cause when they provide a reasonable excuse external to their efforts to comply with the statute of limitations and one that cannot be rationally placed onto them.").  As the district court in *Lopez* explained, "good cause for a stay and abeyance should not require an extraordinary or unreasonable showing." *Lopez*, *supra*.  Courts have recognized that "good cause" can arise from evidence of ineffective assistance of state habeas counsel, *Brady*[2] violations, and "any external objective factor that cannot fairly be attributable to [a petitioner.]" *Doe v. Jones*, 762 F.3d 1174, 1182 (10th Cir. 2014) (citations and quotation omitted).

Allegations of state habeas counsel's ineffectiveness, as in Mr. Cole's case, have sufficed for numerous courts to find "good cause." *See*, *e.g.*, *Brewer*, 2018 WL 4585357, at *3-4 (granting a *Rhines* stay after *Trevino* so that Petitioner could develop his ineffective assistance of counsel

---

[2] *Brady v. Maryland*, 373 U.S. 83 (1963).

claim in state court that was not raised by initial state post-conviction counsel); *Wardrip*, 2014 U.S. Dist. LEXIS 55471, at *__ (granting stay after *Trevino* to provide state court first opportunity to consider whether state habeas counsel was ineffective and whether that ineffectiveness justified review of unexhausted claim); *Sparks*, 2014 WL 113583, at *3 (same); *Blake*, 745 F.3d at 983 (finding good cause where state post-conviction counsel performed deficiently); *see also Williams v. Thaler*, No. 09-cv-04165, Dkt. No.. 14 (S.D. Tex. Apr. 13, 2010) (good cause "where state habeas counsel failed to present a potentially viable claim for relief"); *Garza v. Thaler*, No. 09-cv-00528, Dkt. No. 17 (W.D. Tex. Feb 18, 2010) (good cause where petitioner has "complain[ed] that he was unable to fully exhaust available state habeas remedies on his currently unexhausted federal habeas claims, i.e., petitioner's new ineffective assistance claims, due to the gross incompetence of his original state habeas counsel").

Good cause for a *Rhines* stay requires only the showing of sufficient evidence of a reasonable excuse for the failure to exhaust. *Ruiz*, 504 F.3d at 529, n.17; *Blake*, 745 F.3d at 982. This is a much lower standard than the cause required to excuse procedural default. *See Canales v. Stephens*, 765 F.3d 551, 567-68 (5th Cir. 2014) (explaining that cause to excuse procedural default requires proof that habeas counsel at initial-review collateral proceeding was deficient as defined by *Strickland v. Washington*, 466 U.S. 668 (1984)).

Here, state habeas counsel fell short of their statutory and professional duties with regard to three unexhausted claims. State habeas counsel must, but failed to, make an expeditious and thorough investigation of all possible avenues for relief. Article 11.071 § 3(a) of the Texas Code of Criminal Procedure requires counsel to "investigate expeditiously, before and after the appellate record is filed in the court of criminal appeals, the factual and legal grounds for the filing of an application for a writ of habeas corpus." Tex. Code Crim. Proc. art 11.071 § 3(a). Additionally,

5

the ABA Guidelines mandate that "[a]t every stage of the proceedings counsel has a duty to investigate the case thoroughly."   ABA Guidelines for the Appointment and Performance of counsel in Death Penalty Cases, Guideline 10.7 (2003); *see also id.*, Guideline 10.15.1(e)(4) (requiring post-conviction counsel to "continue an aggressive investigation of the case").  The State Bar of Texas's Guidelines and Standards for Texas Capital Counsel, adopted in 2006, contain the same requirements.  *See* Guidelines and Standards for Texas Capital Counsel, 12.2(B) (State Bar of Tex. 2006).

Here, state habeas counsel unreasonably limited their investigation and thus did not conduct an objectively reasonable investigation that would have revealed several meritorious claims of trial counsel's ineffectiveness, one of which was apparent from the trial transcript alone. *See* Am. Pet., Claims III, IV, VI; *see also Hinton v. Alabama*, 134 S. Ct. 1081, 1088 (2014) ("[S]trategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation . . . .") (citations and quotations omitted).

With respect to Claim III in the Amended Petition, state habeas counsel failed to conduct a reasonable investigation regarding Mr. Cole's exposure to neurotoxins and brain damage.  *See* Am. Pet. at 80-84 (Claim III); Declaration of Robert Romig at ¶ 5 (explaining his office hired a specific neuropsychologist because he "was cheap and would save the office money" and later stopped using that neuropsychologist "because of concerns about his thoroughness"); Declaration of Sam Woodburn-Henry at ¶6 (explaining the "only reason" they "did not hire a toxicologist is because the office did not want to spend money on an expert on toxicology without any other evidence of brain dysfunction").

As detailed in Mr. Cole's Amended Petition, state habeas counsel hired a neuropsychologist but was unaware of what work that neuropsychologist had done. Am. Pet. at 80-83.[3] State habeas counsel was not aware that the neuropsychologist failed to score his tests, and had they been aware of that fact, they would have "instructed him to score his tests." Romig Dec. at ¶ 6. State habeas counsel admits that if that testing indicated Mr. Cole suffered from frontal lobe impairment, they would have hired a toxicologist to review Mr. Cole's exposure to neurotoxins. Romig Dec. at ¶ 7. But state habeas counsel was in no position to make such a choice because they were unaware that their neuropsychologist did not score his tests. This was unreasonable. Mr. Cole therefore has good cause (i.e., "a reasonable excuse") for his failure to exhaust Claim III – state habeas counsel's admittedly ineffective investigation.[4]

Likewise, as it relates to Claim IV, state habeas counsel failed to investigate and present evidence that trial counsel was ineffective for failing to present evidence of Mr. Cole's individualized likelihood of future dangerousness. State habeas counsel admits that there was "no strategic reason as to why we did not consult with an expert on the issue of Mr. Cole's future danger." Romig Dec. at ¶ 9. Instead, the decision to forgo a future danger investigation was made simply to save their office money. *Id.*; *see* Woodburn-Henry Dec. at ¶ 7. State habeas counsel's decision to forego an avenue of relief based on their desire to save the office money, without conducting any investigation into the merits of the issue, is inherently unreasonable. *See Hinton*,

---

[3] Trial counsel hired a neuropsychologist, but failed to ask that neuropsychologist to conduct neuropsychological testing. Instead, they only asked him to conduct psychological testing. Am. Pet. at 72-73.

[4] Had they conducted such an investigation (or instructed their expert to score the tests), state habeas counsel would have learned that Mr. Cole does indeed suffer from frontal lobe impairment, and that Mr. Cole's childhood exposure to harmful neurotoxins was capable of causing such brain damage. Am. Pet. 73-79.

*supra*.  State habeas counsel's failure to conduct any investigation on this issue, at a minimum, constitutes good cause for a stay.

Claim VI alleges ineffectiveness of trial counsel for failing to object to an obvious violation of based on *Caldwell. v. Mississippi*, 472 U.S. 320, 328-29 (1985).  State habeas counsel had no reason not to challenge counsel's ineffectiveness in failing to raise this claim at trial.  *See* Romig Dec. at ¶ 8 ("[I]f the court or Mr. Cole's trial counsel made an error during voir dire and we did not raise that error in our post-conviction petition, we would have had no strategic reason for failing to do so."); Woodburn-Henry Dec. at ¶ 8 (same).  At minimum, counsel's ineffectiveness in failing to raise this claim constitutes good cause for a stay.

### B.    Permitting Mr. Cole to Return to State Court Is Not Plainly Meritless.

Petitioner's claims and request for a stay are not "plainly meritless."  *See Rhines*, 544 U.S. at 270.  In the Fifth Circuit, a case is "plainly meritless" only if the court can certainly conclude that the claims are "now procedurally barred . . . in state court."  *Neville*, 423 F.3d at 480; *accord Williams v. Thaler*, 602 F.3d 291, 309 (5th Cir. 2010); *Haynes v. Quarterman*, 526 F.3d 189, 197 (5th Cir. 2008).  Unless it is "entirely clear" that a state court will apply a procedural bar, "the State"—not this Court—"should be allowed to make the procedural, vel non, determination."  *Wilder v. Cockrell*, 274 F.3d 255, 262 (5th Cir. 2001).

Under state court procedures, there remain viable routes to properly present Mr. Cole's unexhausted claims, and this Court should not cut off his ability to present those claims unless it is absolutely certain the state courts would not permit exhaustion of the claims.

1.  **The CCA may permit review of Mr. Cole's unexhausted claims under Section 5, Article 11.071, in light of state habeas counsel's performance.**

Under Section 5, Article 11.071,[5] Mr. Cole may show that he was denied competent counsel during his initial state habeas proceedings, and therefore his newly-raised claims were not previously available to him.

Although the CCA previously foreclosed the ability to raise this type of ground for a successor in *Ex parte Graves*, 70 S.W.3d 103, 117 (Tex. Crim. App. 2002), the CCA has announced its intent to revisit *Graves* in the appropriate case.  In *Graves*, the court held that an applicant was not permitted to bring a successive petition under Section 5 alleging state habeas counsel's ineffectiveness as a gateway to raising a procedurally defaulted claim.  *Id.* at 117.  The court refused to interpret Article 11.071's "competent counsel" guarantee, § 2(a), as providing

---

[5] Section 5 provides in pertinent part:

(a) If a subsequent application for a writ of habeas corpus is filed after filing an initial application, a court may not consider the merits of or grant relief based on the subsequent application unless the application contains sufficient specific facts establishing that:

(1) the current claims and issues have not been and could not have been presented previously in a timely initial application or in a previously considered application filed under this article or Article 11.07 because the factual or legal basis for the claim was unavailable on the date the applicant filed the previous application;

(2) by a preponderance of the evidence, but for a violation of the United States Constitution no rational juror could have found the applicant guilty beyond a reasonable doubt; or

(3) by clear and convincing evidence, but for a violation of the United States Constitution no rational juror would have answered in the state's favor one or more of the special issues that were submitted to the jury in the applicant's trial under Article 37.071, 37.0711, or 37.072.

Tex. Code Crim. Proc. art. 11.071, § 5(a).

applicants an enforceable right to effective assistance in their initial habeas proceedings. *Id.* at 114. The court further maintained that such a claim was not cognizable as a newly available legal basis under the successor provision, Section 5. *Id.* at 117.

The CCA has since expressed its dissatisfaction with *Graves* and indicated a willingness to revisit and overturn the decision.

In *Ex parte Ruiz*, every participating member of the court indicated that state habeas counsel's incompetence provided "good cause" to revisit *Graves*. No. WR-27,328-03, 2016 WL 6609721, at *17–18 (Tex. Crim. App. Nov. 9, 2016) (Richardson, J., joined by Keller, P.J., and Meyers, Johnson, Keasler, and Newell, JJ .); *id.* at *18 (Johnson, J., concurring); *id.* at *22 (Alcala, J., dissenting). But the *Ruiz* court concluded that—for reasons unique to Mr. Ruiz's case—it no longer had the opportunity to revisit *Graves* in that case. *See id.* at *17–18. *Ruiz* confirms that, in an appropriate case, the CCA will revisit its holding in *Graves* and review the merits of a subsequent application raising claims that were not previously raised because of state habeas counsel's ineffectiveness.

In addition, members of the CCA have elsewhere written that review of a claim that was defaulted due to state habeas counsel's ineffectiveness may be appropriate in a future case. *See Ex parte Alvarez*, 468 S.W.3d 543, 548-49 (Tex. Crim. App. 2015) (Yeary, J., concurring) (urging the court to "revisit the holdings of *Graves*" in light of "recent developments in federal habeas procedure, as well as . . . the rationale underlying those new developments."); *cf. Ex parte Medina*, No. WR–41,274–05, 2017 WL 690960, at *9 (Tex. Crim. App. Jan. 25, 2017) (Newell, J., concurring, joined by Keller, P.J., Yeary & Walker, JJ.) ("Assuming that Medina's arguments concerning the advisability of revisiting *Ex parte Graves* in light of *Martinez* and *Trevino* are persuasive, Medina cannot show that they apply in this case.").

The Court should not assume that Petitioner's case is futile just because, prior to *Trevino*, Texas generally prohibited the filing of successive habeas applications. *Cf. Neville*, 423 F.3d at 480 (finding no abuse of discretion in denial of "plainly meritless" stay, where petitioner's claim was procedurally defaulted and there was no indication of a change in procedural default doctrine). Given Mr. Cole's credible allegations of state habeas counsel's failures, his case has a strong chance of obtaining merits review under Article 11.071, Section 5.

### 2. If this Court harbors any doubt about novel state law matters, a stay is warranted.

Unless it is "entirely clear" that the state court will apply a procedural bar, "the State should be allowed to make the procedural, *vel non*, determination." *Wilder*, 274 F.3d at 262 (holding that a claim not previously raised in state court should not be treated as procedurally defaulted because it was not "entirely clear" that Texas's subsequent-application bar would prohibit consideration of the claim).[6] As other courts have recognized, in light of the unsettled state of Texas's abuse of the writ provision, it is far from "entirely clear" that the state court would decline to reach the merits of Mr. Cole's claims for relief. *See Wardrip*, 2014 U.S. Dist. LEXIS 55471, at \*5 (endorsing magistrate judge's finding that it was "not entirely clear" that the Texas Court of Criminal Appeals "would apply an independent and adequate procedural bar to [Petitioner's ineffectiveness-of-counsel] claim in a subsequent state habeas proceeding. . . .").

### C. Mr. Cole Has Not Engaged in Intentionally Dilatory Tactics.

---

[6] *Accord Sloan v. Delo*, 54 F.3d 1371, 1381 (8th Cir. 1995) ("If a federal court is unsure whether a claim would be rejected by the state courts, the habeas proceedings should be dismissed without prejudice or stayed while the claim is fairly presented to them."); *Woods v. Kemna*, 13 F.3d 1244, 1245 (8th Cir. 1994) (dismissing possibly defaulted claim on non-exhaustion grounds so state court can "definitively answer the question" of whether state remedy still available).

Mr. Cole's failure to exhaust his claims in state court was not for the purpose of delay. Rather, as discussed above, the failure to exhaust these claims was the result of state habeas counsel's ineffective investigation and review of the record on Mr. Cole's behalf.

Moreover, Mr. Cole's request to return to state court is not brought for the purpose of delay. Mr. Cole files this motion immediately following the filing of his Amended Petition for Writ of Habeas Corpus. It is only now that undersigned counsel has completed their investigation. *See, e.g.*, Affidavit of Dr. Gilbert Martinez (dated Jan. 24, 2019). Mr. Cole could not have pled the facts and claims state post-conviction counsel could have developed in the course of a thorough investigation without having completed such an investigation themselves. Similarly, the determination whether the unexhausted claims are meritorious would be premature before Mr. Cole was able to thoroughly investigate, develop and present these factual bases to this Court.

Any remaining concerns the Court may have about delay can be accounted for by "plac[ing] reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278.

### D. Principles of Federalism Favor Allowing the State Court the Opportunity to Consider Petitioner's Unexhausted Claims.

Principles of comity and federalism animate the doctrine of exhaustion and the *Rhines* stay rule. *See Rhines*, 544 U.S. at 273-74; *Duncan v. Walker*, 533 U.S. 167, 178-79 (2001). These principles compel a stay here, because "it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation." *Rhines*, 544 U.S. at 274 (citation and internal quotation marks omitted).

The Solicitor General of Texas, representing the State, has argued that, as a consequence of the holding in *Trevino*, "state courts should have the opportunity to adjudicate defaulted claims

on the merits."  Br. for Resp., *Trevino v. Thaler*, 133 S. Ct. 1911 (2013), 2013 WL 179940, at *58.

The State recognized that "equity demands at a minimum that the CCA have an opportunity to reevaluate its procedural ruling and adjudicate the claim on the merits."  *Id.* at *59.  The reasons were twofold.  First, "Texas courts . . . have a proven track record of hearing once-defaulted claims on the merits under appropriate circumstances."  *Id.* (citing *Medina*, 361 S.W.3d at 642–43; *Ex parte McPherson*, 32 S.W.3d 860, 861 (Tex. Crim. App. 2000); *Ex parte Evans*, 964 S.W.2d 643, 647 (Tex. Crim. App. 1998); *Ex parte Matamoros*, No. WR-50791-02, 2011 WL 6241295 (Tex. Crim. App. Dec. 14, 2011) (per curiam); and *Ex parte Moreno*, 245 S.W.3d 419, 420 (Tex. Crim. App. 2008)).  Second, returning these defaulted claims to state court mollifies the "strong medicine of granting habeas review on long-defaulted claims."  *Id.* (citing *Harris v. Reed*, 489 U.S. 255, 282 (1989) (Kennedy, J., dissenting)).

The same holds true of Mr. Cole's unexhausted claims.  Denying Mr. Cole the opportunity to return to state court affects not just Mr. Cole's opportunity to litigate his claims, it undermines the State's important interest in giving Mr. Cole a forum for the first full and fair adjudication of his claims.  Just as in *Trevino*, the state courts have not had the opportunity to adjudicate Mr. Cole's claims as a result of state habeas counsel's conduct.  The state courts deserve the first opportunity to do so.

An additional feature of the Texas state-federal scheme compels a stay here: by operation of state law, a petitioner is barred from even attempting to exhaust his claims in state court during the pendency of his federal proceedings.  Mr. Cole needs a stay in order to present claims in state court; he cannot pursue state remedies while simultaneously litigating his federal habeas proceedings.  Under Texas's "two forum" rule, the CCA will not consider a state habeas application when a petitioner has a related case active in federal court.  *Ex parte Soffar*, 143 S.W.3d

13

804 (Tex. Crim. App. 2004) (modifying "two forum" rule to allow consideration of state application if federal court has stayed its proceeding); *see, e.g.*, *Ex parte Hernandez*, No. WR-63282-02, 2009 WL 4198849, at *2 (Tex. Crim. App. Nov. 25, 2009) ("Review of this conviction and sentence is currently pending in federal court. Because the case is active in federal court, we decline to address the issues.") (citing *Soffar*, 143 S.W.3d at 804)).

Here, comity and federalism militate strongly in favor of allowing the state courts to address Mr. Cole's claims in the first instance. Finally, consistent with 18 U.S.C. § 3599 and *Harbison,* Mr. Cole requests that this Court authorize federal habeas counsel to exhaust these state remedies on Mr. Cole's behalf. *See Harbison*, *supra*. Representation by habeas counsel during Mr. Cole's pursuit of relief in state courts will ensure that he is represented by counsel familiar with his case and will serve the interests of judicial economy by avoiding unnecessary delay.

For these reasons, the court should grant Mr. Cole his first opportunity to litigate his unexhausted habeas claims in state court.

**CONCLUSION**

WHEREFORE, Mr. Cole respectfully requests this Court enter an order staying his federal habeas corpus proceeding and holding it in abeyance to file an application for writ of habeas corpus in state court, represented by undersigned appointed counsel.  To the extent this Court considers it helpful in making its determination, Mr. Cole further requests argument on this motion.

Respectfully submitted,

/s/ Shawn Nolan
Shawn Nolan
Federal Community Defender for the
Eastern District of Pennsylvania
Suite 545 West, The Curtis Center
601 Walnut Street
Philadelphia, PA 19106
(215) 928-0520
Shawn_Nolan@fd.org

Dated: February 11, 2019

## AVERMENT OF CONFERENCE

I hereby aver that I have conferred with counsel for Respondent, Assistant Attorney General Ali M. Nassar, who has indicated that his office opposes this motion.


/s/ Shawn Nolan
Shawn Nolan


Dated: February 11, 2019

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, I served the foregoing on the following person by ECF

filing:

Ali M. Nassar
Assistant Attorney General
Office of the Attorney General of Texas
Post Office Box 12548, Capitol Station
Austin, Texas 78711-2548

/s/ Shawn Nolan
Shawn Nolan

Dated: February 11, 2019