IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAIME PIERO COLE, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL NO. H-17-940 |
| | § | |
| LORIE DAVIS, | § | |
| Director, Texas Department of | § | |
| Criminal Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**ORDER**

The petitioner, Jaime Piero Cole, filed an amended federal petition for a writ of habeas corpus on February 2, 2019. (Docket Entry No. 30). Cole's amended petition raises several challenges to his state capital conviction and death sentence, including three unexhausted claims attacking his trial counsel's representation under the standards set out in *Strickland v. Washington*, 466 U.S. 668 (1984). The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") precludes federal relief unless "the applicant has exhausted the remedies available in the courts of the State . . . ." 28 U.S.C. § 2254(b)(1)(A). Cole has moved to stay this civil action to allow him to exhaust his state-court remedies. (Docket Entry No. 35). The respondent opposes a stay, (Docket Entry No. 43), and Cole has moved for an extension of time to file a reply, (Docket Entry No. 45). The parties' already filed briefs provide a secure and sufficient basis for the court to rule on the pending stay motion. Cole's motion for an extension of time is **denied**. For the reasons discussed below, the court stays this case

to allow state-court review.

I.  **The Requirements for a Stay**

Cole concedes that he did not exhaust his *Strickland* claims faulting his trial attorneys for failing to: (1) investigate and present evidence of exposure to neurotoxins and brain damage; (2) present evidence that he would not be a future danger to society; and (3) object to statements made by the state trial court. (Docket Entry No. 35 at 1). Cole argues that a stay to exhaust those claims is proper under *Rhines v. Weber*, 544 U.S. 269 (2005). The *Rhines* Court created a stay-and-abeyance procedure, which allows a district court "discretion to stay a mixed petition . . . to allow a habeas petitioner to present his unexhausted claims to the state court in the first instance, then return to federal court for review of his perfected petition." *Day v. McDonough*, 547 U.S. 198, 210 n.10 (2006). Stay and abeyance should be granted when a petitioner shows: (1) good cause for the failure to exhaust; (2) that the unexhausted claims are potentially meritorious; and (3) that he or she has not engaged in intentionally dilatory litigation tactics. *See Rhines*, 544 U.S. at 278.

Before turning to the arguments for a stay, the court observes that Cole has made overlapping arguments on his state habeas counsel's failure to develop the three unexhausted claims. The Office of Capital and Forensic Writs represented Cole on state habeas review. That office made some investigation into trial counsel's presentation of mitigating evidence, and that office marshaled evidence, to raise a *Strickland* claim. Cole argues that the investigation was halted before it could develop the robust evidence on which he relies in this

2

federal action. Cole presents affidavits from "two former [Office of Capital and Forensic Writs] attorneys, one former . . . mitigation specialist, and the current [office] director" to argue that "[the office] is underfunded and understaffed and its attorneys are inexperienced, overworked, and underpaid," resulting in the failure to develop Cole's new *Strickland* claims. (Docket Entry No. 43 at 27).

Based on the office's allegedly deficient representation, Cole presents arguments as to how this litigation should proceed and what this court can consider when deciding the merits. First, Cole argues that habeas counsel's representation is good cause that would allow a stay under *Rhines*. Second, he argues that a procedural bar does not foreclose federal review of his new *Strickland* claims because of the officer ineffective representation. *See Martinez v. Ryan*, 566 U.S. 1 (2012); *Trevino v. Thaler*, 569 U.S. 413 (2013). Under *Martinez* and *Trevino*, an inmate may show cause and prejudice to overcome a procedural bar by showing: "(1) that his claim of ineffective assistance of counsel at trial is substantial – i.e., has some merit – and (2) that habeas counsel was ineffective in failing to present those claims in his first state habeas proceeding." *Garza v. Stephens*, 738 F.3d 669, 676 (5th Cir. 2013). Cole's arguments are based on state habeas counsel's representation, but they require separate analyses and serve separate purposes. For example, while *Martinez* and *Trevino* excuse a procedural default when "state habeas counsel was ineffective under *Strickland*," *Guevara v. Stephens*, 577 F. App'x 364, 370 (5th Cir. 2014), the *Rhines* analysis does not require such a stringent showing. Those differences are taken into account when deciding

3

whether Cole has met the *Rhines* factors.

A.   *Good cause*

Under *Rhines*, an inmate must show good cause for failing to exhaust the claims. The *Rhines* Court, however, did not define what constitutes good cause.[1] The Fifth Circuit has clarified that "[t]he Supreme Court . . . intended the district court find 'good cause' in the equitable sense." *Ruiz v. Quarterman*, 504 F.3d 523, 530 n.17 (5th Cir. 2007). This standard must be less demanding than the "cause" requirement to overcome a federal procedural bar, or a "district court could simply excuse the failure to exhaust on the spot." *Id.* Some courts have interpreted *Rhines* as requiring that a petitioner "set forth a reasonable excuse, supported by sufficient evidence." *Blake v. Baker*, 745 F.3d 977, 982 (9th Cir. 2014); *see also Brewer v. Davis*, 2018 WL 4608260, at *4 (N.D. Tex. 2018); *Lopez v. Stephens*, 2016 WL 4126014, at *4 (S.D. Tex. 2016).

The respondent argues that ineffective assistance of habeas counsel cannot, as a matter of law, constitute "cause" and that this basis for relief is not available in this case. The respondent argues that "the Fifth Circuit has indicated that the actions of state habeas counsel do not constitute good cause under *Rhines*." (Docket Entry No. 43 at 17) (citing *Hall v. Thaler*, 504 F. App'x 269, 284 (5th Cir. 2012); *Williams v. Thaler*, 602 F.3d 291, 309 (5th Cir. 2010)). Both of the cases that the respondent cites relied on Fifth Circuit law decided

---

[1] Shortly after *Rhines*, the Supreme Court found that a petitioner's "reasonable confusion" about the timeliness of his habeas application "will ordinarily constitute 'good cause' for him to file in federal court." *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005). The *Pace* Court did not set forth a definitive test for good cause.

before *Martinez* and *Trevino* that refused to consider state habeas counsel's representation for any purpose. The respondent does not cite Fifth Circuit precedents after *Martinez* and *Trevino* addressing whether ineffective assistance of habeas counsel can be good cause under *Rhines*. District courts in this circuit deciding the issue more recently assume that deficiencies in state habeas representation may meet the *Rhines* "good cause" requirement. *See Brewer v. Davis*, 2018 WL 4585357, at *3 (N.D. Tex. 2018).

The respondent also argues that Cole has not shown good cause because the Office of Capital and Forensic Writs "actively and exhaustively litigated this case at the state court level." (Docket Entry No. 43 at 28). The respondent ascribes any limitations in the state habeas investigation or development of claims to strategic decisions the office made. The court finds that it would be premature at this stage to find that the office did or did not provide deficient representation. The law anticipates that a petitioner will move for a *Rhines* stay early in the habeas process. *See Rhines*, 544 U.S. at 278 (criticizing "abusive litigation tactics or intentional delay"). *Rhines* does not require that a federal habeas court base the stay-and-abatement decision on significant factual development, including a possible evidentiary hearing, which may accompany full consideration of whether state habeas counsel performed effectively. *Martinez* and *Trevino* require a petitioner to prove that state habeas counsel was ineffective under *Strickland*. This difference is particularly important here, because Cole wants to challenge his habeas counsel's effectiveness in state court. Supreme Court and Fifth Circuit precedent favor allowing the state courts to resolve issues first. Cole has made a theshold showing, based on the record, that state habeas counsel

neglected to raise potentially meritorious habeas claims. The court finds, under a threshold review, that Cole has presented a reasonable excuse for failing to exhaust his new *Strickland* claims and that he has met the *Rhines* good-cause requirement. This is not a conclusive determination that counsel was ineffective, but that Cole has shown that the matter is worthy of additional judicial consideration.

B. *Potentially meritorious*

A *Rhines* stay is appropriate when a petitioner's claims are "potentially meritorious"; that is, not "plainly meritless." *Rhines*, 544 U.S. at 278. The respondent argues that Cole's claims are "plainly meritless" because they "will be procedurally defaulted upon a return to state court," and "he fails to show that state habeas counsel were ineffective." (Docket Entry No. 43 at 18, 24). The respondent's arguments focus on procedural deficiencies that would preclude federal habeas review of the underlying claims.

The Fifth Circuit has held that, when a petitioner is "procedurally barred from raising [his] claims in state court," his "unexhausted claims are 'plainly meritless.'" *Neville v. Dretke*, 423 F.3d 474, 480 (5th Cir. 2005). The parties agree that Cole has not yet presented his new *Strickland* claims in state court, but the parties differ on whether a state avenue of relief is open to Cole. "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State," and will not have procedurally defaulted his claims, "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). As discussed below, the Texas courts may provide an opportunity for Cole to litigate his allegations of ineffective state habeas representation. On

6

this record, it is premature to find his claims procedurally barred or to make definitive rulings about state habeas counsel's representation.

As to the substance of Cole's claims, the court finds that his arguments are potentially meritorious. Cole provides evidence and argument to support his new *Strickland* claims. This court's threshold review of those issues suggests that they are not plainly without merit. Cole has met the second prong of the *Rhines* standard.

### C.  *Not intentionally dilatory*

The *Rhines* Court expressed concern that "capital petitioners might deliberately engage in dilatory tactics to prolong their incarceration and avoid execution of a sentence of death." *Rhines*, 544 U.S. at 277-78. The respondent argues that Cole was dilatory because he filed his initial habeas petition in February 2018, but then waited almost a year before filing his motion to stay. But the respondent agreed to a casse-management schedule that did not limit when Cole could file his motion to stay. (Docket Entry No. 17). This case is still in the initial stages of habeas litigation. Cole filed his stay motion with his amended habeas petition. The respondent has not filed an answer or other responsive pleading. The circumstances do not show that Cole has been intentionally dilatory.

Cole has satisfied the three *Rhines* factors that would allow a stay of these proceedings.

### II.  **The Availability of State Review**

While not a factor specified by the Supreme Court, the stay-and-abeyance safety valve is predicated on the availability of state-court remedies. *See* 28 U.S.C. § 2254(B)(1); *Hall*

*v. Thaler*, 504 F. App'x 269, 283-84 (5th Cir. 2012) (refusing to stay a case when the petitioner did not show that state remedies would be available). The respondent argues that the Texas abuse-of-the-writ doctrine, codified at TEX. CODE CRIM. PRO. art. 11.071 § 5(a), prevents Cole from raising his new *Strickland* claims in a successive state habeas application.

Article 11.071 permits the filing of a successive state habeas application in three limited circumstances, but Cole does not meet those demanding statutory requirements. Instead, Cole argues that the Texas courts could create an equitable exception to the abuse-of-the-writ doctrine based on the ineffective assistance of state habeas counsel, much like the Supreme Court did in *Martinez* and *Trevino*. Whether to stay the instant proceedings depends in part on whether the state court will allow Cole an opportunity to present his challenges to adequate representation on state habeas review and whether the state court will decide them.

In *Ex parte Graves*, 70 S.W.3d 103 (Tex. Crim. App. 2002), the Texas Court of Criminal Appeals refused to craft an equitable exception to its abuse-of-the-writ doctrine based on deficient in state habeas representation. Since the Supreme Court issued its decisions in *Martinez* and *Trevino*, inmates have repeatedly asked the Texas Court of Criminal Appeals to reconsider the *Graves* decision. Cobbling together statements from judges from the Court of Criminal Appeals in dissenting opinions, Cole argues that the Court of Criminal Appeals may now reconsider its precedent. Cole finds particular support in a recent majority opinion in which the Court of Criminal Appeals commented on "the extreme lengths the Fifth Circuit [has been] willing to go to in order to circumvent the procedural bar

8

[of unexhausted claims,]" which may "highlight the need to revisit [its] holding in *Graves* . . . ." *Ex Parte Ruiz*, 543 S.W.3d 805, 827 (Tex. Crim. App. 2016).

The respondent cites numerous cases in which the Court of Criminal Appeals has refused to allow ineffective assistance of habeas counsel to excuse the procedural bar of subsequent applications. (Docket Entry No. 43 at 23, n.9). The respondent has not pointed to a case in which the Court of Criminal Appeals has considered the issue after suggesting in *Ex parte Ruiz* that it may reconsider *Ex parte Graves*. Cole presents a serious argument that the Texas courts may reconsider their previous ruling. Cole should not be foreclosed from asking the Texas court to decide whether a state avenue for relief may be open for his new *Strickland* claims. *See, e.g., Wilder v. Cockrell*, 274 F.3d 255, 262-63 (5th Cir. 2001) (the state court "should be allowed to make the procedural bar, *vel non*, determination" when the answer was not clear to the federal habeas court).

A stay allows the Texas courts the first opportunity to decide whether state habeas counsel's representation satisfied the expectations established in *Martinez* and *Trevino*. If this court were to deny the stay and find, on the present record, that a procedural bar forecloses federal review of Cole's new claims, the court would have to decide whether state habeas counsel's representation falls within the exception recognized in *Martinez* and *Trevino*.[2] "[O]ne court should defer action on causes properly within its jurisdiction until the

---

[2] Additionally, arguments used to overcome procedural defects, such as those based on *Martinez* and *Trevino*, "are themselves subject to the exhaustion requirement; they must be presented to the state court before they may be raised on federal habeas review."
(continued...)

9

courts of another sovereignty with concurrent powers . . . have had an opportunity to pass upon the matter." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991) (quotation omitted); *see also Picard v. Connor*, 404 U.S. 270, 275 (1971) (habeas law favors giving state courts the first opportunity to pass on and correct any errore). The Texas courts should have the first opportunity to decide whether Cole's state habeas attorneys performed deficiently.

### III. Order

Cole's motion for a stay is **granted**. This case is **stayed** and **administratively closed**. The stay of the federal proceedings is not indefinite. *See Ryan v. Gonzales*, 568 U.S. 57, 76 (2013). The court **orders** Cole to file a state habeas application within **ninety days** after this Order is entered. Federally appointed counsel for Cole must file an advisory with this court every **90 days** beginning on February 7, 2020, describing the status of the state habeas application. Cole's status advisories will include a copy of his state habeas application and any relevant rulings by the state courts. Cole must move to lift the stay and reinstate this case to the active docket within **14 days** of the conclusion of state habeas review with a joint motion for a new federal court scheduling order.

SIGNED on September 20, 2019, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge

---

² (...continued)
*Rachal v. Quarterman*, 265 F. App'x 371, 375 (5th Cir. 2008); *see also Edwards v. Carpenter*, 529 U.S. 446, 453, (2000) ("[A]n ineffective-assistance-of-counsel claim asserted as cause for the procedural default of another claim can itself be procedurally defaulted . . . .").